

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00102-CR

_____

JEREMY JERMAINE HODGE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2012-C-0097

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

On June 27, 2012, Jeremy Jermaine Hodge pled guilty to burglary of a building,[1] and in two separate cases, he pled guilty to credit card abuse.[2] Pursuant to a plea agreement, he was sentenced to two years' incarceration in a state jail[3] and fined $10,000.00 in each case. In its judgment of conviction in each case, the trial court suspended the imposition of the sentences, suspended all or part of the fines,[4] and placed Hodge on community supervision for four years. On January 27, 2015, the State moved to revoke Hodge's community supervision in each of the cases. After a hearing, the trial court revoked Hodge's community supervision and sentenced him to twenty-four months' incarceration in a state jail in each case, with credit for time served and the sentences to run concurrently; the remaining fine balances were dismissed. In the case appealed here, Hodge's community supervision was revoked on his conviction of credit card abuse.[5]

In a consolidated brief addressing all three cases, Hodge contends that the sentence imposed by the trial court is grossly disproportionate to his community supervision violations. The argument raised in this appeal is based exclusively on the argument brought before this Court in the companion appeal styled *Hodge v. State*, cause number 06-15-00101-CR. In our opinion of

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(a), (c)(1) (West 2011).

[2]*See* TEX. PENAL CODE ANN. § 32.31(b), (d) (West 2011).

[3]A state jail felony is punishable by confinement in a state jail for not less than 180 days and not more than two years and by a fine of not more than $10,000.00. TEX. PENAL CODE ANN. § 12.35(a), (b) (West Supp. 2015).

[4]The trial court suspended the $10,000.00 fine in the conviction for burglary of a building, and $9,000.00, each, of the fines in the two convictions for credit card abuse.

[5]The revocation of his community supervision on his convictions of burglary of a building and of credit card abuse have also been appealed to this Court and addressed in opinions released the same date as this opinion in our cause numbers 06-15-00101-CR and 06-15-00103-CR.

this date disposing of that appeal, we found that this Court lacks jurisdiction to address Hodge's issue. For the reasons set out in that opinion, we overrule Hodge's point of error as it applies to this appeal.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     October 30, 2015
Date Decided:       December 1, 2015

Do Not Publish